UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
HORTI AMERICAS, LLC,

                Plaintiff,

- against -

STEVEN PRODUCE KING, INC. et al.,

                Defendants.
-------------------------------------------------------x

MEMORANDUM AND ORDER

16 Civ. 889 (ILG) (RER)

GLASSER, Senior United States District Judge:

      Plaintiff Horti Americas, LLC ("Horti" or "Plaintiff") initiated this action against defendants Steven Produce King, Inc. ("SPK") and Shy Yosofov ("Yosofov") (together, the "Defendants") for violations of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a et seq., and for breach of contract. Defendants counterclaim for 1.) breach of contract, and 2.) fraud and material misrepresentation. Horti moves to dismiss the second counterclaim for failure to state a cause of action under Fed. R. Civ. P. § 12(b)(6) and for lack of standing as to Yosofov.

## BACKGROUND

      These facts are taken from the Complaint (ECF 1, hereinafter "Complt.") and from Defendants' Answer with Counterclaims (ECF 8, hereinafter "Ans."). Because on a motion to dismiss inferences must be drawn in favor of the non-moving party, I will convey the relevant facts as alleged by the Defendants, who are the counterclaim plaintiffs here.

      Plaintiff Horti is an Arizona LLC that sells wholesale quantities of produce. Complt. at ¶¶ 1-2. SPK is a New York corporation with its principal place of business in Brooklyn, NY. Id. at ¶ 3. Yosofov is the principal of SPK. Id. at ¶ 4. Horti and SPK are PACA licensed. Id. at ¶¶ 15-16.

1

Horti and SPK, through its principal Yosofov, entered into a contract on August 24, 2015 for the sale of Persian pickles (the "Contract"). Complt., Ex. A; Ans. at ¶ 52. Pursuant to the Contract, Horti was to sell 3,200 cartons of pickles to SPK on a weekly basis from October 15, 2015 through January 15, 2016, at a set price of $13.00 per carton. Id. The Contract sets forth quality specifications for the pickles, including that the "[q]uality must be #1," and the "product must be crunchy and dark green." Id.

Between November 9, 2015 and December 11, 2015, Horti made ten shipments of pickles to SPK. Id. at ¶ 54. Defendants allege that each of the shipments was non-conforming to the Contract specifications. Id. at ¶¶ 53-55. Defendants attempted to sell the non-conforming pickles in good faith and did so at a loss. Id. at ¶¶ 57, 60. In December 2015, SPK terminated the Contract, citing Horti's failure to provide conforming goods. Id. at ¶ 57.

Horti initiated this action asserting various claims related to SPK's failure to pay for the pickles.[1] See generally Complt. Defendants counterclaimed for 1.) breach of the Contract by SPK only, and 2.) fraud and material misrepresentation. See generally Ans. at pp. 11-18. Horti seeks to dismiss the second counterclaim, arguing that Defendants have failed to state a cause of action under Fed. R. Civ. P. 12(b)(6), and that defendant Yosofov lacks standing to bring the claim.

---

[1] Horti asserts four claims, three of which are brought pursuant to PACA. PACA requires produce buyers to "hold all perishable commodities purchased on short-term credit, as well as sales proceeds, in trust for the benefit of unpaid sellers." Am. Banana Co. v. Republic Nat. Bank of N.Y., N.A., 362 F.3d 33, 37 (2d Cir. 2004) citing 7 U.S.C. § 499e(c). Plaintiff seeks: 1.) recovery of PACA trust benefits , 2.) recovery for damages for unlawful conduct by SPK under PACA, 3.) breach of contract as to SPK, and 4.) breach of fiduciary duty as to Yosofov.

**DISCUSSION**

A. *Standard of Review*

On a motion to dismiss under Rule 12(b)(6), the Court must credit all non-conclusory allegations and draw all reasonable inferences in favor of the non-moving party. Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The same standard applies on a motion to dismiss for lack of standing. Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009).

B. *Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)*

Under New York law,[2] a fraud claim "may not be used as a means of restating what is, in substance, a claim for breach of contract." Wall v. CSX Transp., Inc., 471 F.3d 410, 416 (2d Cir. 2006). For a fraud claim to survive a motion to dismiss when pled with a breach of contract claim, Defendants must "demonstrate a fraudulent misrepresentation collateral to or extraneous to the contract . . ." Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc., 98 F.3d 13, 20 (2d Cir. 1996) (internal citations omitted); see also Wall, 471 F.3d at 416.[3]

The basis of the alleged fraud here is that Horti intentionally misrepresented the quality of their produce in order to induce Defendants to enter into the Contract. Ans. at ¶¶ 61, 71, 75; ECF 16, Def. Opp., at ¶ 23. It is well-settled that "[g]eneral allegations that [a party] entered into

---

[2] The parties do not dispute that New York law should govern their common law claims. Defendants are located in New York, and both parties cite to New York law in their briefs.
[3] The Defendants may alternatively "demonstrate a legal duty separate from the duty to perform under the contract" or "seek special damages caused by the misrepresentation that are unrecoverable as contract damages." Bridgestone/Firestone, 98 F.3d at 20. Defendants have not satisfied either of these requirements, nor do they argue that they have.

3

a contract while lacking the intent to perform it are insufficient to support" a claim for fraud. N.Y. Univ. v. Cont'l Ins. Co., 87 N.Y.2d 308, 318 (1995); see also Refreshment Mgmt. Servs., Corp. v. Complete Office Supply Warehouse Corp., 89 A.D.3d 913, 914 (2d Dep't 2011). Plaintiff's representation about its ability and intent to sell a certain quality of produce relates directly to its performance under the Contract. It does not constitute a viable separate fraud collateral to the Contract. See e.g. Bridgestone/Firestone, 98 F.3d at 19 (granting motion to dismiss fraud claim and noting that the alleged misrepresentations "amount to little more than intentionally-false statements by [defendant] indicating his intent to perform under the contract").

SPK has stated a cause of action for breach of contract and will be made whole if it succeeds on that claim. Its counterclaim for fraud and material misrepresentation is duplicative, and is therefore dismissed.

C. *Lack of Standing as to Yosofov*

Yosofov seemingly joins the second counterclaim in his individual capacity.[4] Under New York law, "a shareholder may bring an individual suit if the defendant has violated an independent duty to the shareholder, whether or not the corporation may also bring action." Powers v. Ostreicher, 824 F. Supp. 372, 378 (S.D.N.Y. 1993) citing Ceribelli v. Elghanayan, 990 F.2d 62, 63 (2d Cir. 1993). Such a duty may be established if Horti "either (a) had reason to expect or (b) [was] substantially certain that [Yosofov], in his individual capacity, would

---

[4] As Plaintiff correctly states, on the pleadings alone it is unclear whether Yosofov joins SPK in the second counterclaim. ECF 12-1, Plaintiff Memo of Law, at p. 1. Defendants' opposition papers imply that they intended him to join in that claim. Whether the claim is actually pled on Yosofov's behalf is inconsequential because he lacks standing to bring it.

4

subsequently act in reliance on such misrepresentations." Powers, 824 F. Supp. at 377; see also Parrott v. Coopers & Lybrand, L.L.P., 95 N.Y.2d 479, 484 (2000).

Plaintiff argues that Yosofov lacks standing because he does not plead an injury independent from SPK's damages. Defendants respond that Yosofov was injured in his capacity as a PACA-licensee and by Horti's action for breach of fiduciary duty against him personally. ECF 16, Def. Opp., at ¶ 26.[5]

Yosofov does not have standing to bring the counterclaim. Defendants do not plead an injury to Yosofov in his individual capacity, and Yosofov's status as PACA-licensee does not confer upon him a duty owed by Horti. PACA sellers only are "afforded a highly unusual trust beneficiary status that permit[s] them, in the case of defaults, to trump the buyers' other creditors." Am. Banana Co., 362 F.3d at 38. As such, "individuals who are principals in corporations which bought produce, but failed to pay, are individually liable for breach of their fiduciary duties." Horizon Mktg. v. Kingdom Int'l Ltd., 244 F.Supp.2d 131, 145 (E.D.N.Y. 2003). Horti's case in chief alleges that Yosofov, the principal of SPK, breached his fiduciary duty to Horti. Horti, the seller, does not owe Yosofov a corresponding duty. Nor can the mere assertion of a plausible claim against Yosofov serve as the basis for his standing to allege a counterclaim.

To the extent Yosofov asserts the second counterclaim, it is dismissed.

---

[5] These allegations are introduced for the first time in Defendants' opposition papers (ECF 16) and are not alleged in the counterclaims. Horti states that Yosofov is not a PACA-licensee and attaches print-outs from the PACA license database to that effect. ECF 17, Exhs. A-D.

## **CONCLUSION**

For the reasons stated herein, the Plaintiff's motion to dismiss Defendants' second counterclaim, alleging fraud and material misrepresentation, is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
November 21, 2016

/s/
I. Leo Glasser
Senior United States District Judge