UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
HORTI AMERICAS, LLC,

                                    MEMORANDUM AND ORDER

             Plaintiff,

                                    16 Civ. 889 (ILG) (RER)

     - against -

STEVEN PRODUCE KING, INC. et al.,

             Defendants.
------------------------------------------------------x
GLASSER, Senior United States District Judge:

      Plaintiff Horti Americas, LLC ("Horti" or "Plaintiff") alleges violations of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a et seq., breach of contract and breach of fiduciary duty against defendants Steven Produce King, Inc. ("SPK") and Shy Yosofov (together, the "Defendants"). This Court granted Plaintiff's unopposed motion to dismiss Defendants' second counterclaim, alleging fraud and material misrepresentation. Horti Americas, LLC v. Steven Produce King, Inc., No. 16-CV-889, 2016 WL 6872624 (E.D.N.Y. Nov. 21, 2016). SPK's counterclaim for breach of contract survives.

      Plaintiff now seeks discovery sanctions following Defendants' failure to respond to three discovery requests. For the reasons stated herein, the motion is GRANTED.

## BACKGROUND

      The facts of this case are set forth in Horti Americas, 2016 WL 6872624, familiarity with which is assumed. On August 12, 2016, Plaintiff duly served Defendants with three separate discovery requests: 1.) Plaintiff's First Requests for Admissions, pursuant to Fed. R. Civ. P. § 36, 2.) Plaintiff's First Set of Interrogatories, pursuant to Fed. R. Civ. P. § 33, and 3.) Plaintiff's First Request for the Production of Documents, pursuant to Fed. R. Civ. P. § 34. See ECF 22-2, 22-3, 22-4. The deadline to respond was extended to September 19, 2016. ECF 22-1 at ¶ 3.

At a status conference before Magistrate Judge Reyes on September 8, 2016, the parties discussed a consent judgment and Defendants indicated they would timely answer the discovery requests. ECF 30. Defendants never answered the requests. Over the next two months, Plaintiff's counsel attempted to negotiate a consent judgment and repeatedly noted the unanswered discovery requests in emails to Defendants' counsel and in letters to the Magistrate Judge. ECF 18; ECF 20; ECF 29 at ¶¶ 5-6. On a number of occasions, counsel indicated that Defendants lacked funds to defend the action or pay a judgment. ECF 29 at ¶¶ 4, 13; ECF 30. A settlement conference was held on October 26, 2016. See ECF Entry dated Oct. 26, 2016. Defendants and their counsel failed to appear, as ordered by the Magistrate, and had to be tracked down via telephone. ECF 29 at ¶ 13. The case was not settled and Plaintiff stated an intention to move for discovery sanctions because of Defendants' failure to respond to the discovery requests. Id.

The discovery deadline was November 21, 2016. On December 1, 2016, Plaintiff filed this motion. Plaintiff seeks sanctions in the form of an order that the following facts are conclusively established:

1. Horti's Admission requests are admitted.

2. SPK failed to maintain records required by PACA regulations to determine profits or losses on re-sale of Persian pickles supplied by Horti, which are the subject of this case.

3. SPK sustained no provable damages as a result of the quality or condition of the subject Persian pickles supplied by Horti to SPK relating to this case.

4. SPK sustained no economic losses as a result of its transactions with Horti with respect to the Persian pickle shipments at issue.

5. Defendants failed at all relevant times to maintain sufficient freely available inventories and proceeds of produce sales to pay Horti in full.

6. Yosofov transferred to himself SPK's proceeds of produce sales in an amount greater than $143,455.00 plus interest and any attorney's fees due to Horti during the period when Horti was unpaid for the Persian pickles at issue.

See ECF 22-5, Memo of Law, pp. 5-6. Defendants opposed the motion, alleging that they do not possess any responsive documents, that they never received the request for admissions, and that the motion was untimely and lacks the required certification. ECF 26.

## DISCUSSION

*A. The Admission Requests*

In accordance with Fed. R. Civ. P. § 36(a)(3), requests for admissions are admitted unless the party being noticed serves "a written answer or objection addressed to the matter and signed by the party or its attorney" within 30 days of service. A court need not order the matters admitted because admission is the "automatic result of a failure to timely respond." DeNicola v. Frontline Asset Strategies, 279 F.R.D. 214, 215 (E.D.N.Y. 2012); see also J & J Sports Prods., Inc. v. Mari, No. 10-CV-455, 2012 WL 1004842, at *1 (E.D.N.Y. Mar. 23, 2012). Plaintiff's requests for admissions were automatically admitted on September 19, 2016, the deadline to answer the discovery requests.[1]

*B. The Requested Sanction*

Defendants' failure to respond to the discovery requests constitutes sanctionable behavior. A party may be sanctioned under Rule 37 if it, "after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. § 37(d)(1)(A)(ii). The Court may sanction the disobedient party by directing any number of actions listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. § 37(d)(3). Here, Plaintiff seeks sanctions in the form of an order "(i) directing that the

---

[1] Under Rule 36(b), "[a] matter admitted under this rule is conclusively established unless the court, *on motion*, permits the admission to be withdrawn or amended." (emphasis added). Defendants have not moved for relief, and their claim that they never received the Request for Admissions is not properly before the Court. ECF 26, Opp., at ¶ 10.

3

matters . . . or other designated facts be taken as established for purposes of the action, as the prevailing party claims," and "(ii) prohibiting [Defendants] from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. § 37(b)(2)(A)(i)-(ii).

A district court has "wide discretion in imposing sanctions under Rule 37." S.E.C. v. Razmilovic, 738 F.3d 14, 25 (2d Cir. 2013) (quotations and citations omitted). The rule requires only that sanctions be "just" and "relate to the particular claim to which the discovery [] was addressed." Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1366 (2d Cir. 1991). Courts generally consider "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." Valentini v. Citicorp Fin. Servs. Corp., 589 F. App'x 1, 2 (2d Cir. 2014). However, these factors are "not exclusive, and they need not each be resolved against" the Defendants. Razmilovic, 738 F.3d at 25 (quotations and citations omitted).

Here, the factors weigh decidedly in Plaintiff's favor. Defendants do not offer an explanation for their noncompliance, and it is apparent that their ignoring the requests for over three months was willful. The requested sanction is appropriately severe because the facts sought to be established are mostly repetitive of facts in the admission requests (see supra), and they relate substantively to the discovery requests. Finally, Plaintiff warned Defendants in the presence of the Magistrate Judge that they intended to make this motion.

Defendants allege two procedural deficiencies. First, they say Plaintiff did not comply with the Rule 37 requirement that the sanctions motion include a certification that the movant has conferred with Defendants to obtain the response without court intervention. ECF 26 at ¶ 7.

4

Plaintiff's counsel has submitted two declarations (ECF 22-1, ECF 29) to that end, and his efforts to conduct discovery and resolve the case fairly are well documented. ECF 18, ECF 20, ECF 22-1, ECF 29. Second, Defendants allege that the motion is untimely because it was filed on December 1, 2016, ten days after the November 21, 2016 discovery deadline. ECF 26 at ¶ 6. Defendants willfully failed to answer Plaintiff's timely discovery requests for over three months, and cannot now use the discovery deadline to shield their blatant disregard of the Federal Rules.

"Rule 37(d) makes it explicit that a party properly served has an absolute duty to respond." Penthouse Int'l, Ltd. v. Playboy Enterprises, Inc., 663 F.2d 371, 390 (2d Cir. 1981). Defendants' willful failure to comply with that duty warrants the requested sanction.

## CONCLUSION

Plaintiff's motion is granted. Pursuant to Fed. R. Civ. P. § 37, those facts listed on page 2, supra, are deemed established for the purpose of this action.

SO ORDERED.

Dated:	Brooklyn, New York
	January 27, 2017

						/s/
						I. Leo Glasser
						Senior United States District Judge